In the Matter of the ADOPTION OF BGD, a Minor.

TD, By and Through her next friend and parents JD and ZD, Appellants (Plaintiffs),

v.

LDP and MFP, Appellees (Defendants).

No. C–85–1.

Supreme Court of Wyoming.

March 28, 1986.

Before THOMAS, C.J., BROWN,* CARDINE,** URBIGKIT and MACY, JJ.

ORDER GRANTING PETITION FOR REHEARING AND DENYING PETITION FOR THE APPOINTMENT OF WESTON COUNTY DEPASS AS GUARDIAN AD LITEM TO INVESTIGATE THE PARTIES TO AID IN DETERMINING WHAT IS IN THE BEST INTEREST OF BGD, A MINOR, AND DENYING MOTION TO DISQUALIFY SUPREME COURT JUSTICES

This case came on before the court upon the Petition for Rehearing; Appellees' Brief in Support of Petition for Rehearing; Petition for the Appointment of Weston County Depass as Guardian Ad Litem to Investigate the Parties to Aid in Determining What is in the Best Interest of BGD, a Minor; and Motion to Disqualify Supreme Court Justices, filed herein in behalf of the appellees, and the court, having examined the file and record of the court, together with the opinion of the court filed in this case February 14, 1986, and being fully informed in the premises, finds that there is reasonable probability that the court may have arrived at an erroneous conclusion or overlooked some important question or matter necessary to a correct decision; for those reasons a rehearing should be granted in this case; additional briefing may be helpful to the court in connection with the rehearing; and a period of twenty days is reasonable time for the submission of any additional briefs, and it therefore is

ORDERED that the Petition for Rehearing, filed herein by the appellees, be, and the same hereby is, granted; and it further is

ORDERED that the parties to this case shall have to and including twenty days from the date of entry of this order to file additional briefs addressing any of the issues raised in the case or the opinion of the court filed in this case on February 14, 1986, 713 P.2d 1191; and it further is

ORDERED that the Petition for the Appointment of Weston County Depass as Guardian Ad Litem to Investigate the Parties to Aid in Determining What is in the Best Interest of BGD, a Minor, filed herein in behalf of the appellees, be, and the same hereby is, denied; and it further is

ORDERED that the Motion to Disqualify Supreme Court Justices, filed herein in behalf of appellees, be, and the same hereby is, denied.

BROWN, Justice, dissenting.

I agree with Justice Cardine's dissent, and would deny the petition for rehearing.

I concurred in the majority opinion with reluctance and considerable sorrow. I felt, however, that we could not change the rules to accommodate a single circumstance.

In considering a case on appeal we are bound by Wyoming statutes as well as the United States Constitution and the Wyoming Constitution. A parent has a fundamental right to care for, educate, and associate with his or her child. All courts carefully guard these fundamental rights and place a heavy burden on those who seek to take a child away from its parents. In the adoption of BGD the rights of the mother were totally ignored. I am not speaking of the violation of some technical rule, but rather, fundamental rights.

* Justice BROWN would deny the Petition for Rehearing.

** Justice CARDINE would deny the Petition for Rehearing.

Some consider our original determination harsh. However, in a larger sense it would be highly improper for this court to make up a new set of rules to accommodate an individual circumstance.

CARDINE, Justice, dissenting.

I would deny the Petition for Rehearing. Nothing is presented that has not already been considered and decided by this court. Simply stated, a valid interlocutory decree and final decree of adoption could not be entered. Since there could not be a valid decree of adoption, there are no other issues to consider.

I note that this child has now been with the adoptive parents for three years. That is so because the natural mother's doctor took her baby from the hospital against her wishes and delivered it to the adoptive parent, who was also his employee. The natural mother asked to be released from the hospital the next day so that she could find a lawyer to help her, and she diligently tried to get her child back. It is not her fault that three years were consumed in the trial court in deciding this simple case. It seems wrong to me that the adoptive parents should gain some advantage because of the delay especially under the circumstances of this case.

The natural mother has been badly treated, and she ought to have a remedy. It is unfortunate that without her agreement (relinquishment) her baby was taken from her. It is unfortunate that three years were allowed to expire and attachments develop between the child and the adoptive parents. Both parties are represented by attorneys. It is unfortunate that they have been unable to resolve this problem in a manner both might agree would be in the best interests of this child.